IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THIRD WORLD MEDIA, LLC,    ) | CV. NO. 11-00536 DAE-RLP |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | |
| ) | |
| HAWAII MEMBERS OF SWARM ) | |
| OF JULY 13, 2011 TO JULY 25, ) | |
| 2011 SHARING HASH FILE    ) | |
| BD55F2868E09C08DADFC1032CC ) | |
| E43DE2BC1A2D17, RANDALL M. ) | |
| MORITA, GARY SOLIVAR, AND  ) | |
| DOES 1, 5, 8, 13 AND 14,    ) | |
| ) | |
| Defendants.    ) | |
| _____ ) | |

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motion and the supporting

memorandum, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion

for Judgment on the Pleadings.  (Doc. # 34.)

BACKGROUND

Plaintiff Third World Media, LLC is an adult entertainment company

and the alleged owner of the copyright to a motion picture entitled "Teen Japan #8"

(the "Motion Picture").  ("Compl.," Doc. # 1 ¶ 1.)  According to Plaintiff, each of

the Doe defendants duplicated and distributed at least a substantial portion of the Motion Picture without Plaintiff's permission or consent.  (Id. ¶¶ 2–3.) Specifically, Plaintiff alleges that the Doe defendants are a group of peer-to-peer file sharing protocol users whose computers are collectively interconnected for the purpose of sharing unique files.  (Id. ¶ 12.)  Plaintiff alleges that the Doe defendants have used this peer-to-peer file sharing protocol to reproduce and make available to others unauthorized copies of the Motion Picture.  (Id. ¶¶ 2–3.) According to Plaintiff, this conduct infringed on Plaintiff's exclusive rights and caused Plaintiff monetary damages and irreparable harm.  (Id. ¶¶ 27–28.)

On August 31, 2011, Plaintiff initiated this action alleging claims for copyright infringement and civil conspiracy against Doe defendants 1 through 12. (Doc. # 1.)  On October 6, 2011, U.S. Magistrate Judge Richard L. Puglisi granted in part Plaintiff's Ex Parte Motion for Early Discovery and authorized the issuance of subpoenas on certain internet service providers for the identity and contact information for Does 1 through 12.  (Doc. # 17.)  Time Warner Cable subsequently returned information identifying Defendant Randall M. Morita ("Morita") as the individual assigned one of the IP addresses that was allegedly used to illegally download and distribute the Motion Picture.

By a letter dated March 1, 2012, Plaintiff informed Morita that he had

been identified as a potential defendant in this action and offered to settle the case

against Morita for $8,500.  (Doc. # 28-2.)  On March 21, 2012, Plaintiff's counsel

received a certified letter from Morita that enclosed a UCC Financing Statement

recorded with the Bureau of Conveyances for the State of Hawaii as Doc A-

44480714.  ("Reiss Decl.," Doc. # 34-2 ¶ 3; Doc. # 28-3.)  The UCC Financing

Statement identifies Morita as a secured creditor in the amount of $8,500 against

the law firm of Plaintiff's local counsel, Seth M. Reiss, AAL, ALLLC, Plaintiff

Third World Media LLC, and the United States Treasury.  (Doc. # 28-3.)  Also

enclosed was a UCC Financing Statement Amendment, recorded with the Bureau

of Conveyances on the same day as the Financing Statement, which lists Seth M.

Reiss, AAL, ALLLC as assignee of the purported secured debt.  (Doc. # 28-4.)

These documents arrived without any accompanying explanation.  (Reiss Decl.

¶ 3.)

On March 27, 2012, Plaintiff filed a First Amended Complaint

("FAC"), identifying, inter alia, Randall M. Morita as a named defendant.  (Doc.

# 25.)  On April 17, 2012, Morita, proceeding pro se, filed an Answer to the FAC.

(Doc. # 28.)  In his Answer, Morita states the following:

> To preclude any further litigation, I accepted Plaintiff's offer and
> settlement on March 6, 2012; it was mailed to Plaintiff's attorney on

3

March 19, 2012 and received by Plaintiff's attorney on March 21, 2012 via certified mail with return receipt requested.

. . . .

Wherefore, Plaintiff's [sic] acceptance of settlement received by Plaintiff's attorney on March 21, 2012 renders this Summons and Complaint moot.  This matter is *Res Judicata Collateral Estoppel*.

This case should be dismissed with prejudice and Plaintiff's attorneys should be sanctioned by this court for wasting judicial time and costs incurred.

(Id. at 1–2 (emphasis in original).)

On May 23, 2012, Plaintiff filed the instant Motion for Judgment on the Pleadings Against Defendant Randall M. Morita and for an Order Directing Defendant Morita to File a Termination Statement with Respect to the Wrongfully Recorded UCC Financing Statement.  (Doc. # 34.)  To date, no opposition to Plaintiff's Motion has been filed.

STANDARD OF REVIEW

Rule 12(c) states, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is properly granted when the court, accepting all the allegations in the pleadings as true and construing them in the light most favorable to the nonmoving party, concludes that the moving party is

4

entitled to judgment as a matter of law.  <u>Fleming v. Pickard</u>, 581 F.3d 922, 925

(9th Cir. 2009).  No issue of material fact may be in dispute.  <u>Id.</u>  "The motion for a

judgment on the pleadings only has utility when all material allegations of fact are

admitted or not controverted in the pleadings and only questions of law remain to

be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1367 (3d. Ed. 2004).

DISCUSSION

   Plaintiff argues that it is entitled to Judgment on the Pleadings

because in his Answer, Morita does not deny any of the allegations set forth in the

FAC.  Plaintiff relies on Federal Rule of Civil Procedure 8(b)(6), which provides

that "[a]ny allegation–other than one relating to the amount of damages–is

admitted if a responsive pleading is required and the allegation is not denied."  Fed.

R. Civ. P. 8(b)(6).  According to Plaintiff, Morita effectively admitted each of the

allegations in the FAC except for those relating to damages.  Plaintiff also contends

that since Morita affirmatively states in his Answer that he accepted Plaintiff's

settlement demand of $8,500, he has effectively agreed or consented to liability in

at least this amount.  Therefore, Plaintiff claims that it is entitled to judgment

against Morita in the amount of $8,500.

5

As a preliminary matter, the Court finds that Defendant Morita's "Answer" fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Among other requirements, an answering party must "admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1)(B).  "A denial must fairly respond to the substance of the allegation.  A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial.  A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.  A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.  A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."  Fed. R. Civ. P. 8(b)(2)–(5).  An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).  Furthermore, the answering party must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).  That includes any of the affirmative defenses listed in Federal Rule of Civil Procedure 8(c)(1), if applicable.

6

Here, Defendant Morita's Answer does not even refer to the allegations in the FAC, much less specify which of those allegations he admits and which he denies.  Morita also does not state that he lacks sufficient information to form a belief about the truth of the allegations, nor does he assert any defenses to the allegations.  He merely states that he has accepted a settlement that renders this action moot.  Plaintiff disputes this point, asserting that Morita never accepted the settlement and that the only document received by Plaintiff's counsel from Morita is the UCC financing statement seeking to attach the assets of Plaintiff, its counsel, and the United States Treasury.  (Mot. at 4.)

The Court is mindful of the fact that Defendant Morita is proceeding pro se and therefore his pleadings must be read more liberally than pleadings drafted by counsel.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant.  Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986).  However, "a pro se litigant is not excused from knowing the most basic pleading requirements."  American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).  Thus, even though pleadings are liberally construed in their favor, pro se litigants remain bound by the rules of procedure.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

7

1987); Jacobsen v. Filler, 790 F.2d 1362, 1364–65 (9th Cir. 1986); see also

American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th

Cir. 2000) (holding that pro se litigants are not excused from knowing the most

basic pleading requirements); cf. McNeil v. United States, 508 U.S. 106, 113

(1993) ("[W]e have never suggested that procedural rules in ordinary civil

litigation should be interpreted so as to excuse mistakes by those who proceed

without counsel").

        In light of Defendant Morita's pro se status, and given that his Answer

fails to comply with the dictates of Federal Rules of Civil Procedure 8, the Court

declines to construe his Answer as an effective admission to the allegations in the

FAC.  Moreover, based on the record before this Court, there appears to be a

misunderstanding between the parties regarding the alleged settlement offer.

Under these circumstances, the Court concludes that it is premature and

inappropriate to enter judgment on the pleadings against Morita at this time.

Nonetheless, on its own motion, the Court strikes Morita's answer and directs him

to file an answer that complies with the requirements of Rule 8 as described above.


        In the event that Defendant Morita intends to file a motion to dismiss

the FAC, he must comply with Rule 12 of the Federal Rules of Civil Procedure.

Additionally, any such document must be properly titled a "motion" since the Court as well as the opposing party need certainty in characterizing, calendaring, and responding to pending matters.

Plaintiff also requests that this Court order Morita to file a termination statement with the Bureau of Conveyances in order to terminate his allegedly invalid UCC Financing Statement.  According to Plaintiff, Morita's UCC Financing Statement is fraudulent because: (1) no monies are owed to Defendant Morita by the listed debtors, and (2) the listed debtors did not consent to the filing of the UCC Financing Statement.  (Mot. at 6.)

Plaintiff has not cited, nor has this Court found, any law authorizing this Court to order Defendant to file a termination statement under the circumstances here presented.  Moreover, the record before this Court does not support the issuance of such an order.  While the Court agrees with Plaintiff's counsel that the financing statement appears to be without any basis, the appropriate way to address this matter is through processes initiated in the State of Hawaii, Bureau of Conveyances or through state court.  Accordingly, Plaintiff's request is hereby DENIED.

## CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT**

**PREJUDICE** Plaintiff's Motion for Judgment on the Pleadings Against Randall

M. Morita.  (Doc. # 34.)

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, July 25, 2012.



                                        _____
                                        David Alan Ezra
                                        United States District Judge

Third World Media, LLC v. Morita, et al., CV No. 11-00536; ORDER DENYING
WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR JUDGMENT ON THE
PLEADINGS