SETH M. REISS, AAL, ALLLC
Seth M. Reiss, Bar No. 2774
3770 Lurline Drive
Honolulu, HI 96816
Telephone: 808-521-7080
Facsimile:  808-675-5805
E-mail: seth.reiss@lex-ip.com

RANDAZZA LEGAL GROUP
Marc Randazza*
(Cal. Bar No. 269535)
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662 (fax )
E-mai: MJR@Randazza.com
*(Pending Pro Hac Vice Admission)

Attorneys for Plaintiff,
THIRD WORLD MEDIA, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THIRD WORLD MEDIA, LLC.<br><br>       Plaintiff,<br><br>vs.<br><br>HAWAII MEMBERS OF SWARM OF JULY 13, 2011 TO JULY 25, 2011 SHARING HASH FILE BD55F2868E09C08DADFC1032CCE4 3DE2BC1A2D17; RANDALL M. MORITA AND DOE 13,<br><br>       Defendants. | Case No. 1:11-cv-00536-LEK -RLP (Copyright)<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT RANDALL M. MORITA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC # 45]; DECLARATION OF COUNSEL; EXHIBITS "A" AND "B"; CERTIFICATE OF SERVICE**<br><br>**HEARING**<br>**Date:   Monday, September 17, 2012**<br>**Time:   9:45 AM**<br>**Judge:  Honorable Leslie E. Kobayashi** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT RANDALL M. MORITA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [DOC # 45]**

Plaintiff THIRD WORLD MEDLIA, LLC ("Plaintiff" or "Third World"), by and through its undersigned counsel, submits the following memorandum in opposition to Defendant RANDALL M. MORITA's  ("Defendant" or "Morita") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP Rule 12(b)(6) filed herein August 8, 2012 (Doc #45).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Third World is a California limited liability company that produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.  Plaintiff operates and maintains a website by and through which individuals pay to view and purchase its photographic and audiovisual works.

The identified and unidentified Defendants are individuals who are alleged to have duplicated and distributed unauthorized and infringing copies of Plaintiff's copyrighted motion picture "Teen Japan #8" utilizing the BitTorrent file transfer protocol during the period July 13, 2011 to July 25, 2011, or who knowingly or negligently allowed others to do so through their Internet connection.  All identified and unidentified Defendants are alleged to have participated or

facilitated others to participate in the same Bit Torrent swarm, identified by the

BD5 Hash file, and all are located within the State of Hawaii.

The Complaint was filed in this matter on August 31, 2011 (Doc. #1).  Also

on August 31, 2011, Plaintiff filed a Motion for Early Discovery (Doc. #5)

requesting permission to issue early discovery to witnesses Time Warner Cable,

Clearwire Communications, Hawaiian Telcom and Earthlink (collectively "ISPs")

for the purpose of ascertaining the identity of Does 1-12 through the IP addresses

attributable to subscribers located in Hawaii implicated in the BD5 Hash BitTorent

swarm.

On October 6, 2011, this Court granted in part Plaintiff's Motion for Early

Discovery (Doc. # 17) authorizing the issuance to the ISPs of subpoenas for the

identity and contact information for Does 1-12 and denying Plaintiff's request to

conduct additional early discovery.

On or about October 10 through 12, 2011, Plaintiff served upon the ISPs

subpoenas to produce documents and information related to the identities of the

subscribers using the implicated IP addresses, in accordance with the Court's

October 6, 2011 order, together with a copy of the Court's October 6, 2011 order.

On March 27, 2012 Plaintiff filed a First Amended Complaint (Doc. #25) in

which it identified certain Defendants Gary Solivar and Randall M. Morita based

upon information returned by the subpoenaed ISPs.   Both of the identified Defendants Solivar and Morita were served (Doc. ## 26 and 27, respectively).

Defendant Gary Solivar did not answer and a default against Solivar was requested and entered.  (Doc. ## 29 and 31).  Defendant Solivar was subsequently dismissed from this action without prejudice (Doc. # 37), leaving Morita as the sole identified Defendant remaining.

Defendant Randall Morita answered the First Amended Complaint on April 17, 2012, wherein Morita failed to respond to the allegations against him but instead claimed to accept an earlier tendered settlement offer. (Doc. # 28). Plaintiff responded to Morita's answer by filing a motion for entry of judgment on the pleadings (Doc. # 34) for the reason that Morita's answer failed to deny the allegations in Plaintiff's First Amended Complaint.   In an order issued July 25, 2012, Judge Ezra denied without prejudice Plaintiff's motion for judgment on the pleadings, ordered Morita's April 17, 2012 answer stricken for failing to comply with the dictates of Rule 8, Fed. Rule Civ. Proc., and instructed Morita to file a Rule 8 compliant answer. (Doc. # 42, at 8).   Rather than filing a new answer, Morita filed the instant motion to dismiss first amended complaint.

## II.   <u>APPLICABLE LEGAL STANDARD</u>[1]

The purpose of a Rule 12(b)(6) motion for failure to state a claim is to test the formal sufficiency of the statement of the claim for relief.  It is "not a procedure for resolving a contest between the parties about the facts or the substantive merits of plaintiff's case."  5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1356 at 354 (2004 & 2011 Supp).

The **moving party has the burden of showing that no claim has been stated** and the opposing party, while having the right to respond, has no obligation to do so.  2 J. Moore, *Moore's Federal Practice 3d* § 12.34[1][a] (2011) at 12-73, citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991).

When considering a Rule 12(b)(6) motion, the court "**must accept plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor**."  2 J. Moore, *supra* § 12.34[1][b] at 12-76 (emphasis supplied) *citing, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Anderson v. Clow*, 89 F.3d 1299, 1403 (9th Cir. 1999). "To survive a motion to dismiss, a complaint must **contain sufficient factual matter, accepted as true, to 'state a claim to relief'**

---

[1] Plaintiff also agrees with the legal standard put forward by Morita in his memorandum in support of motion (Doc #45-1 at 4-5), which appears to have been taken, word for word, from Judge Ezra's order dated January 30, 2012 (Doc. #66) in *Liberty Media Holdings, LLC vs. Hawaii Members of Swarm of November 13, 2010* etc. (D. Hawaii, 1:11-cv-00262-DAE-RLP) a copy of which is attached to the Declaration of Counsel as Exhibit "A".

**that is plausible on its face**." 2 J. Moore, *supra* § 12.34[1][a] at 12-73 (emphasis supplied) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009).

The "court should construe a plaintiff's allegations liberally, because the rules only require 'notice' pleadings, rather than detailed fact pleadings." 2 J. Moore, *supra* § 12.34[1][b] at 12-77 *citing, e.g. Swierkiewicz v. Sorema N.A.*, 534 US 506, 512-513 (2002). Rule 12(b)(6) must be read in conjunction with the liberal "notice" pleading rules of Rule 8(a) calling for "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), FRCP. "Only when the plaintiff's complaint fails to meet this liberal pleading standard is it subject to dismissal under Rule 12(b)(6)." 5B C. Wright & A. Miller, *supra* at 354-368, *citing, e.g.*, *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993).

Finally, in considering whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice, and nothing more. 2 J. Moore, *supra* § 12.34[2].

## III.   <u>ARGUMENT</u>

In his motion, Morita claims that Plaintiff's First Amended Complaint is fatally deficient for the following reasons: (1) Plaintiff's causes of action 1 through 4 require Plaintiff to plead a copyright registration, the application for registration appended to the First Amended Complaint as Exhibit "1" being insufficient,

according to Morita, to support such causes (Morita's Memorandum in Support of Motion, Doc. #45-1, at 6-7); (2) Plaintiff's fourth cause of action, for negligence, requires there be an established legal duty that, according to Morita, does not exist (Doc. #45-1, at 7-8); (3) Plaintiff's fourth cause of action, for negligence, is a state cause of action preempted by federal copyright law (Doc. #45-1, at 8-9); and (4) Plaintiff has plead insufficient facts to support a cognizable legal claim because, according to Morita, an IP address does not identify a computer user with sufficient certainty (Doc. #45-1, at 9-12).  None of these grounds justifies dismissal of the First Amended Complaint, or any of the causes of action therein, based upon the applicable legal standards as explained below.

### A.  The Ninth Circuit Does Not Require a Copyright Registration Certificate to Maintain a Lawsuit for Copyright Infringement.[2]

Notwithstanding convenient case law from other circuits located by Morita, it has been a clear Ninth Circuit law for some time that a pending application to register the copyright in a work is sufficient to support and maintain an action for copyright infringement under the applicable provisions of the Copyright Act.

> [W]e find unpersuasive the argument that deference to the Register requires adoption of the registration approach. This argument posits that Congress structured the Act to require the Register's approval or rejection of registration before suit because it wanted the Register to

---

[2] Because Plaintiff's fourth cause of action is one for negligence, and not copyright infringement, Morita's arguments concerning the need for a copyright registration is inapposite.

determine the propriety of granting copyright registration in the first instance. See, e.g., *Strategy Source*, 233 F.Supp.2d at 4. However, as Nimmer explains, " the pace of litigation entails that the Copyright Office will typically have granted or refused registration during its pendency." Nimmer § 7.16[B][1][a][i]. Thus, should the Register determine that it wanted to reject an application already in litigation, it would still have an opportunity to appear. *Id*. Furthermore, the Register's decision of whether or not to grant a registration certificate is largely perfunctory, and is ultimately reviewable by the courts. There is, therefore, no compelling justification for delaying litigation until after the Register has acted on an application. The two processes-registration approval by the Copyright Office and an underlying infringement case in the courts-can occur simultaneously with little or no prejudice to any involved parties.

We therefore hold that receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a).

*Cosmetic Ideas, Inc. vs. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010),

cert. denied, ___ U.S. ___, 131 S.Ct. 686 (2010)(emphasis supplied)

Exhibit "1" to the First Amended Complaint demonstrates receipt by the Copyright Office of a complete application for registration of the copyright of the work alleged to have been infringed. As such, Plaintiff has met its burden in regards to Section 411(a) of the Copyright Act.

B. Plaintiff Has Sufficiently Alleged the Existence of a Duty Breached To Sustain its Negligence Claim

Morita relies upon Judge Ezra's order dated January 30, 2012 (Doc. #66) in

*Liberty Media Holdings, LLC vs. Hawaii Members of Swarm of November 13,*

*2010 etc.* (D. Hawaii, 1:11-cv-00262-DAE-RLP), a copy of which order is attached to the Declaration of Counsel as Exhibit "A", for his proposition that Plaintiff's negligence count is fatally deficient because of the absence of a duty to secure wireless Internet connections. However in the cited order, Judge Ezra never concluded no duty existed. Rather, Judge Ezra was concerned that plaintiff there had not plead with sufficient particularity the conduct engaged in that constituted a breach of duty. What Judge Ezra said was that "[t]he bare assertion that they 'failed to adequately secure their Internet access' is conclusory and unsupported by specific factual allegations regarding the individual Defendants." Order, Exhibit "A" at 14.

Judge Ezra specifically granted the plaintiff there leave to amend its complaint because the "Court recognizes that it may be possible for Plaintiff to state a negligence claim if provided the opportunity to amend its Complaint" Order, Exhibit "A" at 15. Plaintiff there cured the pleading defect by amending its complaint to specifically allege the conduct that defendants were alleged to have engaged in that constituted a breach of duty.

So here too, in its First Amended Complaint, Plaintiff's negligence claim alleges the existence of a legal duty (Doc. # 25 ¶ 96) and the specific conduct of Defendant Morita that, according to Plaintiff, constituted a breach of that duty (Doc. # 25 ¶ 97). Such allegations are sufficient, under the guidance provided by

Judge Ezra in the order cited to by Morita, to state a *prima facie* case for negligence under Hawaii law.  Under the liberal rules of "notice" pleading, the facts plead by Plaintiff, accepted as true, are more than sufficient to "'state a claim to relief' that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009).  Plaintiff submits that it is more than plausible that an unsecured wireless network can cause harm to others as Plaintiff claims it did to Plaintiff in this case.

C.  Plaintiff's Negligence Claim is Not Pre-empted by the Copyright Act.

While the statutory test offered by Morita for copyright pre-emption is correct, Morita relies upon inapposite authority and misapplies the test.

State laws are subject to federal pre-emption only if they create "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106."  17 USC § 301(a).

> [I]f under state law the act of reproduction, performance, distribution, or display . . . will *in itself* infringe the state-created right, then such right is pre-empted. But if qualitatively other elements are required, instead of or in addition to, the acts of reproduction, performance, distribution or display, in order to constitute the state-created cause of action, then the right does not lie "within the general scope of copyright," and there is no pre-emption.  Thus, the "extra element" test generally furnishes the touchstone here.

1 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1.01[B][1] at 1-12 to 1-14 (2011)(emphasis in the original) citing, *e.g.*, *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir.), cert. denied 510 US 965 (1993).

Plaintiff's negligence claim is wholly different from a claim for copyright infringement because the negligence claims requires the existence of a legal duty and the breach of that duty -- the "extra elements"--, and because Morita is not being accused of engaging in any of the Section 106 exclusive rights: "reproduction, performance, distribution or display" -- the "missing elements".  In Plaintiff's negligence claim, Morita is being accused of negligently failing to secure his Internet connection which caused harm due to others using that connection to reproduce, perform, distribute and/or display Plaintiff's copyrighted work.  It is an alternative theory of liability.  If Plaintiff did not himself engage in the infringing acts (Count I for direct copyright infringement), and if Plaintiff did not knowingly assist others to engage in the infringing acts (Count II for contributory copyright infringement), then Plaintiff was negligent in allowing others to use his Internet connection to engage in the infringing acts (Count IV for negligence) without Plaintiff's knowledge.

Plaintiff's negligence claims includes elements nowhere required by a copyright infringement claim and is missing all of the essential Section 106 elements.  It therefore cannot be characterized as equivalent to the exclusive rights

within the scope of copyright and does not come within the Section 301 statutory pre-emption criteria.

The unpublished decision relied upon by Morita, *Liberty Media Holdings, LLC v. Cary Tabora et al.*, 1:12-CV-02234-lak, Doc. No. 33, Order filed July 9, 2012, a copy of which attached to the Declaration of Counsel as Exhibit "B", is clearly distinguishable.  In *Tabora*, the court concluded that "[t]he right that Liberty seeks to vindicate by its state law negligence claim – the imposition of liability on one who knowingly contributes to a direct infringement by another – already is protected by the Copyright Act under the doctrine of contributory infringement."  Here, Plaintiff is not trying to impose liability on Morita in the context of its negligence claim for one who knowingly contributes to a direct infringement by another.  The negligence claim is plead in the event that discovery demonstrates Morita left his Internet connection unsecured and that the connection was used, without Morita's knowledge, to download and share Plaintiff's copyrighted work.   As such, the *Tabora* decision is entirely inapposite.

### D.  The Evidentiary Link Between an IP Address and its Subscriber is More than Sufficient to Withstand a Motion to Dismiss

This Court has already determined that Plaintiff set forth allegations and evidence sufficient to make out a prima facie case of copyright infringement and civil conspiracy, being the first three causes of action, when it granted in part Plaintiff's motion for early discovery.  In his Order Granting in Part and Denying

in Part Plaintiff Third World Media, LLC's Ex Pate Motion for Early Discovery,

issued October 6, 2011 [Doc. # 17], Magistrate Judge Puglisi specifically found, in

regards to the original complaint, which is substantially identical to the First

Amended Complaint apart for Defendants having been identified, that:

> [] Plaintiff has established that its suit against the Doe defendants could withstand a motion to dismiss. Plaintiff brings three claims against defendants: copyright infringement, contributory copyright infringement, and civil conspiracy. Plaintiff has alleged a prima facie claim of copyright infringement. See 17 U.S.C. § 106(1) & (3). Specifically, Plaintiff has alleged: (1) it owns and has registered the copyrighted work at issue in this case; (2) the defendants reproduced and distributed the work without authorization; and (3) Plaintiff was damaged by defendants' actions. As to Plaintiff's claim for contributory copyright infringement, Plaintiff alleges that defendants intentionally encouraged direct infringement of Plaintiff's copyright by others through participation in the peer-to-peer file-sharing protocol. These allegations are minimally sufficient to state a claim for contributory copyright infringement. See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). . . . Because Plaintiff has alleged the necessary elements of copyright infringement and contributory copyright infringement, it appears that its suit against the Doe defendants could withstand a motion to dismiss.

[Doc #17 at 6-7].

More specifically, with respect to the link between IP address and assigned

subscriber of the IP address, the Court concluded:

> [] Plaintiff has identified the Doe defendants with sufficient specificity to allow the Court to determine whether the defendants are real persons or entities who

could be sued in federal court. Plaintiff has identified the
missing  parties with as much specificity as possible.
Plaintiff has stated that the Doe defendants are persons or
entities and that these persons/entities have been
observed and documented as infringing on its
copyrighted works. Plaintiff provided as Exhibit A to the
Motion a list of the IP addresses associated with each of
the Doe defendants, along with the "hit date" that each IP
address subscriber allegedly infringed on Plaintiff's
copyrighted work. The Doe defendants have been linked
to IP addresses in the State of Hawaii, which indicates
that the Court likely has jurisdiction over the Doe
defendants. Thus, as real persons/entities, these
Doe defendants can be sued in federal court.

[Doc #17 at 5].  By concluding that Plaintiff had met its burden in demonstrating

that it was entitled to early discovery to know the identities of subscribers of the IP

addresses implicated in the illegal BitTorrent swarm, the Court had already

considered the issue Morita is now attempting to raise in his motion to dismiss.

The Court concluded that the evidentially link between IP address and subscriber

was sufficient to demonstrate a *prima facie* case against the subscriber.  Logically,

the subscriber is the most likely person to have engaged in illegal conduct

attributable to the IP address assigned to the subscribers account.

Because the Court at the same time denied Plaintiff request to engage in

additional early discovery [Doc #17 at 9], the Court implicitly also concluded that

Plaintiff had established a *prima facie* case sufficient to identify and name in this

lawsuit the IP account holders once that account holders had been identified by

their ISPs.

14

Finally, Morita's self-serving declaration attached to his motion to dismiss, in which he claims to have been "in a meeting with a client" on the day and time of the alleged illegal file sharing [Doc #45-2], is not inconsistent with his being at the same time an active participant in the illegal BitTorrent swarm.  He and his client may have been participating in the swarm during the meeting.  Even if it were inconsistent, the statement would at the most raise a disputed issue of fact. The statement is of no value in the context of Morita's motion to dismiss.

## IV.   CONCLUSION

Based upon the applicable legal standard and the argument and authority presented herein, Plaintiff submits that Morirta's Motion to Dismiss First Amended Complaint should be denied.

DATED:  Honolulu, Hawaii, August 22, 2012.

SETH M REISS, AAL, ALLLC
RANDAZZA LEGAL GROUP

*/s/ Seth M. Reiss*
SETH M. REISS
MARC J. RANDAZZA

Attorneys for Plaintiff
THIRD WORLD MEDIA, LLC